In re BURNS' WILL.

(Supreme Court, Appellate Division, Second Department.   November 13, 1903.)

1. WILLS—EXECUTION.

Testator, being sick, told his nurse to call a certain person, who went to testator's room, where he signed a will in her presence, declaring to her that it was his will, and directing her to sign it as such. He then told her to call the nurse, whom he asked "to sign this last will," and the nurse, after reading it, signed as a witness. *Held*, that the instrument was duly executed as the last will of deceased.

Appeal from Surrogate's Court, Westchester County.

Application for probate of the last will and testament of James Burns, deceased, to which Edward Burns filed objections. From a decree admitting the will to probate, objector appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles W. Coleman, for appellant.
Henry B. Pogson, for respondent.
Wilson Brown, Jr., guardian ad litem.

GOODRICH, P. J.   The instrument in question is an informal document in the handwriting of the decedent's wife, and reads as follows:

"7 5th Avenue, New Rochelle, March 26th, 1902.

"This is my last will and testament.  I do hereby give to my wife Catherine Burns everything I possess Money & Jewelry stocks, real estate and Bonds & Everything.                                     James Burns.

"Witnesses:
"Nellie Hayden.
"Edward Crudden."

Edward Burns, a brother of the deceased, filed objections to the probate that the will was not signed, published, and declared by the testator in the manner prescribed by law, that the decedent was not of sound mind, and that the execution of the instrument was obtained by the fraud, circumvention, and undue influence of Catherine Burns, the beneficiary named therein.   As to the last two objections, there is no evidence whatever in the record to sustain either of them.   The only question before us is whether the instrument was executed in accordance with law as the last will of the deceased.   James left no children.   He had been sick for seven months with heart disease and dropsy, and under the care of Edward Crudden, a professional nurse, and one of the subscribing witnesses.   James told Crudden to call Nellie Hayden, the other subscribing witness, and she went to the room where James was sick in bed.   He signed the instrument in her presence, declared to her that it was his will, and asked her to sign it as his will, which she did.   He then told her to call Crudden.   He asked Crudden "to sign this last will that he made."   Crudden read the instrument, and signed as a witness.   There is some evidence of an affidavit made by Crudden, which is somewhat inconsistent with his evidence before the surrogate, but the learned surrogate has found as matter of fact that the testator signed the will in the presence of

Nellie Hayden, and acknowledged his signature to Crudden, declared to both that it was his will, and that the two, at his request, signed as subscribing witnesses. This evidence justified the finding of the learned surrogate in admitting the will to probate.

The decree should be affirmed, with costs to the respondent, and costs and disbursements to the special guardian. All concur.